**Allen Curtis MILES, Appellant,**

v.

**Crispus NIX, Warden, Iowa State Penitentiary, Appellee.**

No. 89–2364.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1990.

Decided Aug. 13, 1990.

Ann Fitzgibbons, Des Moines, Iowa, for appellant.

Thomas D. McGrane, Des Moines, Iowa, for appellee.

Before BEAM, Circuit Judge, ROSS, Senior Circuit Judge, and RENNER,* District Judge.

PER CURIAM.

Petitioner Allen Curtis Miles was found guilty of first degree murder on June 28, 1982. Miles now appeals the district court's[1] denial of his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. In his petition, Miles alleges that he was denied effective assistance of counsel and his right to due process because of the trial court's failure to properly instruct the jury. We affirm.

On March 3, 1982, the victim, Cheryl Kleinschrodt, was looking for a job and the Job Service of Iowa referred her to Miles, who was in the process of establishing an entertainment agency. Cheryl and Miles met at a Des Moines restaurant, and Cheryl agreed to accompany Miles to Indianola while he gave a friend a ride home. On the way back to Des Moines, Miles stopped near a gravel pit; Miles claimed that he had interviewed another job applicant in a similar manner. Miles testified that an altercation occurred at the gravel pit during which Cheryl became angry and attacked Miles with a pair of scissors. Miles stated that he pushed Cheryl from the vehicle and left the area. Cheryl's body was discovered on March 6, 1982 in the gravel pit. An autopsy of the body revealed that she died from six stab wounds.

Miles was charged with both premeditated and felony murder under Iowa Code Ann. § 707.2. The felony murder charge was based on the theory that the murder occurred during the course of a robbery. The state introduced evidence concerning the victim's purse in an effort to prove that Miles was engaged in the commission of a robbery at the time of the murder. The evidence revealed that the victim had her purse with her on March 3, 1982, but the purse was not found with her body. At trial, evidence was also adduced to show that the owner of the car driven by Miles kept a knife in a sheath on the driver's side of the car, and that Miles knew of the knife. Only the sheath was later recovered.

A jury subsequently found Miles guilty of first degree murder. Following the guilty verdict, new counsel was appointed to represent Miles and a motion for a new trial was filed. The motion charged that the trial court failed to properly instruct the jury on the necessity of a finding of malice aforethought for a conviction of a felony murder. The trial court denied the motion for a new trial and Miles was sentenced to life imprisonment.

In his habeas petition, Miles argues that he was denied effective assistance of counsel due to his trial counsel's failure to object to the felony murder instruction omitting the element of malice aforethought. Miles states that malice aforethought is an essential element of felony murder in the State of Iowa, *State v. Galloway*, 275

---

* The Honorable Robert G. Renner, United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Donald E. O'Brien, United States District Judge for the Southern District of Iowa.

N.W.2d 736, 738 (Iowa 1979), and that his counsel's failure to object rendered his representation ineffective.

The Iowa Supreme Court held that counsel was not ineffective because a separate instruction had correctly informed the jury that malice aforethought was an element of murder and that malice was necessary to enhance a killing in the course of a felony to first degree murder. The court also noted that malice was not a fighting issue because the victim died of several stab wounds in her back, whereby malice could be presumed.

■ It is necessary to read the court's instructions as a whole when determining whether the jury has been adequately advised of the essential elements of the offenses charged. *State v. Lindsey*, 302 N.W.2d 98, 102 (Iowa 1981). In the present case a separate instruction was given in which the jury was correctly informed that malice aforethought is an element of murder and murder must be proven before participation in a felony can enhance the offense to first degree murder. The instructions taken as a whole, therefore, adequately advised the jury of the essential elements of the crime charged. No prejudice can be shown in Miles' counsel's failure to object to the instructions. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

■ Next, Miles argues that he suffered a denial of due process for the trial court's failure to grant a new trial on the basis of newly discovered evidence. Specifically, he contends that after the trial a witness came forward with information about a knife which may have shown that the alleged murder weapon was unavailable to Miles at the time the murder was committed.

"Newly discovered evidence cannot be the basis for habeas relief absent a showing that it 'would probably produce an acquittal on retrial.'" *Larson v. United States*, 905 F.2d 218, 221 (8th Cir.1990) (quoting *Dumond v. Lockhart*, 885 F.2d 419, 421 (8th Cir.1989)). The trial court refused to grant a new trial on the basis of the newly discovered evidence based on its conclusion that the evidence would not have affected the outcome of the trial. The denial of a motion for a new trial is within the broad discretion of the trial court and will not be reversed absent a clear abuse of that discretion. *State v. More*, 382 N.W.2d 718, 723–24 (Iowa App. 1985). We find no error in the court's ruling.

■ Finally, Miles argues that the evidence was insufficient to support his felony-murder conviction. In examining the sufficiency of the evidence in a habeas proceeding we ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Russell v. Jones*, 886 F.2d 149, 152 (8th Cir.1989) (emphasis in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). Following a guilty verdict, all evidence must be viewed in a light most favorable to the prosecution. *Id.*

Specifically, Miles argues that insufficient evidence existed to prove that the murder had been committed during the commission of a robbery, a prerequisite to a felony murder conviction. The evidence showed that the victim had a purse with her prior to the homicide that was missing afterward. The evidence also showed the victim's keys which had been in her purse were under the driver's seat of the car driven by Miles. Other evidence would support a finding that Miles needed money. We believe that a rational trier of fact could have found that the murder was committed during the course of a robbery.

For the foregoing reasons, the judgment of the district court is affirmed.