# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3025

_____

| | | |
|---|---|---|
| Vincent Edward Fields, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| United States of America, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  October 22, 1999
Filed:   January 12, 2000

_____

Before BOWMAN, JOHN R. GIBSON, and BEAM, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Vincent Edward Fields filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.  The District Court[1] denied the motion, but granted a certificate of appealability limited to the question of whether trial counsel was ineffective for failing to challenge the jury instructions on one of the counts against Fields.  Upon de novo review, we affirm.  See United States v. Apker, 174 F.3d 934, 937 (8th Cir. 1999) (standard of review).

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

A jury convicted Fields of four federal firearms and drug crimes. All of the charges arose from Fields's participation in a hostage-taking incident put into motion by Samuel Willis in October 1994, an event this Court described as "a senseless display of terrorist tactics." United States v. Willis, 89 F.3d 1371, 1374 (8th Cir.), cert. denied, 519 U.S. 909 (1996). We affirmed the convictions on direct appeal. See id. Fields then filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, alleging a number of errors committed by the District Court at trial and citing his counsel's failure to object to those errors or to raise the issues on direct appeal.

After the District Court denied Fields's motion in its entirety, the court granted a certificate of appealability on the question of whether Fields's counsel was constitutionally ineffective for counsel's failure to object to the jury instructions on Count I of the charges against Fields: aiding and abetting a felon in possession of a firearm in violation of 18 U.S.C. §§ 2 and 922(g)(1) (1994). This Court denied Fields's motion to expand the certificate of appealability.[2] Fields contends that the instructions at issue should have informed the jury with specificity that it was necessary to find that Fields knew that Willis (Fields's codefendant and the principal in the aiding and

[2]It appears that Fields is attempting in this appeal to raise a due process claim under the Fifth Amendment and a claim that his right to a jury trial under the Sixth Amendment was violated. See, e.g., Brief of Appellant at i (arguing that counsel's failure to object to the jury instructions at issue "not only constituted ineffective assistance of counsel within the meaning of the Sixth Amendment . . . , but also deprived Mr. Fields of the Due Process of law under the Fifth Amendment and his right to jury trial under the Sixth Amendment"); see also id. at 11, 20. We think it is clear, however, that the District Court granted the certificate of appealability limited to the question of ineffective assistance of counsel (Sixth Amendment right to counsel) for counsel's failure to object to the jury instructions on Count I, and this Court has declined to expand the certificate. To the extent Fields has raised additional issues that are not within the scope of the certificate of appealability, they are not properly before us and we will not address them. See Ramsey v. Bowersox, 149 F.3d 749, 759 (8th Cir. 1998) (28 U.S.C. § 2254 case), cert. denied, 119 S. Ct. 1083 (1999).

abetting charge against Fields) was a felon in order to convict Fields of aiding and abetting a felon in possession.

It is true that the jury instructions did not explicitly state that the government was required to prove beyond a reasonable doubt that Fields knew Willis was a felon. Only three elements of the crime were spelled out: that Fields "knew that the crime charged was to be committed or was being committed," that Fields "knowingly did some act for the purpose of aiding the commission of that crime," and that Fields "acted with the intention of causing the crime charged to be committed." Jury Instruction No. 17. Fields would have us declare, in a case of first impression in this Circuit, that it is an element of the offense, and that the government must prove beyond a reasonable doubt, that a defendant had knowledge of the principal's status as a felon at the time of the alleged crime, before the defendant can be convicted of aiding and abetting a felon in his illegal possession of a firearm. That being the case, he argues, we would have to grant his § 2255 motion, as the record does not reflect any attempt by the government to prove that Fields knew or should have known about any of Willis's previous felony convictions. The government urges us to conclude otherwise.

We will not be drawn into the debate, however, because deciding the knowledge issue will not answer the question before us. Counsel neither objected to the instructions at trial nor raised the matter on direct appeal, so it is not for us to decide at this stage of the case – appeal from the denial of a § 2255 motion – whether the instructions were defective. We must ascertain instead only whether counsel was constitutionally ineffective under the two-part test of Strickland v. Washington, 466 U.S. 668, 687 (1984), for failing to object to the instructions, and that is a very different inquiry. The question of whether the laws or Constitution of the United States require an instruction on knowledge is implicated only indirectly, to the extent it relates to the reasonableness of counsel's performance.

The Strickland test has two parts: whether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation. If we can answer "no" to either question, then we need not address the other part of the test. See United States v. Flynn, 87 F.3d 996, 1000 (8th Cir. 1996).

Under the first part of the Strickland test, we consider counsel's performance objectively and gauge whether it was reasonable "under prevailing professional norms" and "considering all the circumstances." Strickland, 466 U.S. at 688. We look at counsel's challenged conduct at the time of his representation of the defendant and we avoid making judgments based on hindsight. In this case, the fact is that neither this Court nor the Supreme Court has yet decided whether an aider and abettor of a felon in possession of a firearm must have knowledge of the principal's status as a felon in order to be convicted. At the time of Fields's trial (February 1995), two circuit courts of appeals had addressed the issue and had come to contrary conclusions. In May 1993, the Ninth Circuit noted that the government is not required to prove that the principal himself knew he was a felon in order to win a conviction on a charge of felon in possession of a firearm, and then held that "[n]o greater knowledge requirement applies to" the person charged with aiding and abetting the crime. United States v. Canon, 993 F.2d 1439, 1442 (9th Cir. 1993). A few months later, in a case where the government conceded the point, the Third Circuit concluded that "there can be no criminal liability for aiding and abetting [a felon in possession] without knowledge or having cause to believe the possessor's status as a felon." United States v. Xavier, 2 F.3d 1281, 1286 (3d Cir. 1993). The Xavier court did not discuss or even cite Canon.[3]

---

[3]Long after Fields's trial, a different panel of the Ninth Circuit said of the holding in Canon, "[W]e have serious reservations regarding the soundness of that determination." United States v. Graves, 143 F.3d 1185, 1188 n.3 (9th Cir. 1998). Nevertheless, the Graves court acknowledged "the obligation to follow [Canon's] dictates." Id.

Given this split of authority at the time Fields was tried, and the complete lack of Eighth Circuit or Supreme Court authority on the subject, it must be said that counsel's performance fell within "the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Even if counsel had objected to the instructions, the District Court would have had no reason based on controlling legal authority to sustain the objection. Even now, several years after Fields's conviction, the question remains unsettled. If counsel's failure to anticipate a change in the law will not establish that counsel performed below professional standards, see Parker v. Bowersox, 188 F.3d 923, 929 (8th Cir. 1999) (28 U.S.C. § 2254 case), petition for cert. filed, No. 99-7489 (U.S. Dec. 17, 1999), then counsel's failure to anticipate a rule of law that has yet to be articulated by the governing courts surely cannot render counsel's performance professionally unreasonable. Moreover, Fields has not directed our attention to Supreme Court or Eighth Circuit precedent (and our research has located none) that can be said to clearly portend the law on aider and abettor knowledge as Fields would have us state it. Our "scrutiny of counsel's performance must be highly deferential," Strickland, 466 U.S. at 689, and in the circumstances of this case, viewed as they existed at the time of Field's trial, we cannot say that counsel's failure to lodge an objection to the jury instructions on Count I of the charges against Fields rendered his performance objectively unreasonable.

The government argues, and the District Court concluded, that no objection was required because the instructions, when read as a whole, conveyed to the jury that the government was required to prove Fields's knowledge of, among other things, Willis's status as a felon before winning a conviction on the charge of aiding and abetting a felon in possession of a firearm.[4] See Miles v. Nix, 911 F.2d 146, 148 (8th Cir. 1990)

---

[4]The government actually makes this argument to support its position that Fields was not prejudiced by counsel's ineffectiveness, the second part of the Strickland test. We think, however, it properly goes to the question of whether counsel's performance was inadequate in the first instance: if the instructions as a whole were complete, no objection was required and counsel could not be faulted for failing to object.

(28 U.S.C. § 2254 case) ("It is necessary to read the court's instructions as a whole when determining whether the jury has been adequately advised of the essential elements of the offenses charged."). In fact, the instructions on the aiding and abetting charges did require that there be proof beyond a reasonable doubt that Fields "**knew** that the crime charged was to be committed or was being committed," and "**knowingly** did some act for the purpose of aiding the commission of that crime," and "acted **with the intention** of causing the crime charged to be committed," and "**knowingly and deliberately** associated himself in some way with the crime charged and participated in it **with the intent** to commit the crime." Jury Instruction No. 17 (emphases added). The government contends that the jury must have found that Fields knew Willis was a felon, or it could not have found that Fields "knew" a crime was being committed and "intended" that the crime be committed.

It is tempting to address this argument and consider whether the instructions as a whole accurately state the government's burden of proof on the knowledge required of an aider and abettor of a felon in possession of a firearm, because we believe the government in this case may be correct. We decline to do so, however, not only because we are not deciding whether the government even has to prove such knowledge in the first place, but also because we have held that counsel's performance was not deficient in any event, considering the unsettled state of the law.

As for the second part of the <u>Strickland</u> test, the matter of prejudice raises an interesting question in this case. Fields's sentence on Count I is for ten years and is to run concurrent with the sentences on Counts II and III, also ten years each. In addition, Fields will serve a consecutive, mandatory minimum sentence of five years on Count IV. There is no indication in the sentencing transcript that the court considered that Fields had been convicted of Count I and, because of that conviction, imposed longer sentences on Counts II, III, or IV. In fact, in its Memorandum Opinion and Order denying Fields § 2255 relief, the same court that sentenced Fields said: "Because he was convicted on two other counts for which he is serving concurrent and identical

sentences, Fields' term of incarceration would remain the same, regardless of the resolution of Count I." Mem. Op. and Order at 10 n.5. Fields would be serving a sentence of fifteen years even if he had been acquitted on Count I, so it cannot be said, the government argues, that he suffered prejudice because of an additional or longer term of incarceration on the conviction and as a "result" of the alleged ineffective performance.

The court also ordered Fields to pay a statutory special assessment of $50 on **each** count of conviction, for a total of $200. Nevertheless, the government contends, a $50 special assessment is not sufficient to show that the proceeding was "fundamentally unfair" to Fields or that the result of the trial was "unreliable." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). It is not altogether clear to us whether special assessments are the sort of "prejudice" that the Strickland Court had in mind or that, if they are, an unjustified assessment can amount to prejudice that would warrant § 2255 relief. But cf. United States v. Christner, 66 F.3d 922, 927 (8th Cir. 1995) (noting, where issue was multiplicitous indictment, that concurrent sentences imposed on the three counts of conviction "might suggest that double jeopardy is not in issue," but that three special assessments each in the amount of $50 "subjected [defendant] to multiple punishments, within the meaning of the double jeopardy clause"). Regardless, this case is not the appropriate vehicle for addressing the matter since we already have concluded that the performance of Fields's counsel was not professionally unreasonable in the first instance.

We hold that the failure of Fields's counsel to object to the instructions on Count I did not amount to deficient performance; therefore, Fields was not denied the effective assistance of counsel. We affirm the District Court's denial of the § 2255 motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.