# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1383

_____

Gary Edward Close,                               *
                                                 *
    Petitioner - Appellant,                      *
                                                 *    Appeal from the United States
v.                                               *    District Court for the
                                                 *    Southern District of Iowa.
United States of America,                        *
                                                 *
    Respondent - Appellee.                       *

_____

Submitted: January 13, 2012
Filed:  May 10, 2012

_____

Before WOLLMAN, LOKEN, and MELLOY, Circuit Judges.

_____

LOKEN, Circuit Judge.

After Gary Close pleaded guilty to conspiracy to distribute and possession with intent to distribute methamphetamine, a jury convicted him of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A). He appealed the firearm conviction, arguing insufficient evidence. We affirmed. United States v. Close, 518 F.3d 617 (8th Cir. 2008). He now appeals the denial of his 28 U.S.C. § 2255 motion to vacate the firearm conviction. The district court[1] granted a certificate of appealability on two issues -- whether trial counsel provided ineffective

_____

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

assistance by failing to object to (i) the prosecutor's rebuttal closing argument, and (ii) a jury instruction that erroneously defined the elements of the § 924(c)(1)(A) offense charged in the indictment.

To prevail on a claim of ineffective assistance, Close must show that counsel's performance was constitutionally deficient *and* that the deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). In weighing whether trial counsel's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A deficiency is prejudicial when there is a reasonable probability, that is, one "sufficient to undermine confidence in the outcome," that the result of the trial would have been different but for the deficiency. Id. at 694. Reviewing these ultimate Strickland issues *de novo*, we conclude that Close was not denied his Sixth Amendment right to the effective assistance of counsel. See Rodela-Aguilar v. United States, 596 F.3d 457, 461 (8th Cir. 2010) (standard of review). Accordingly, we affirm.

## I. The Closing Argument Issue.

Close argues that the prosecutor's rebuttal closing argument included "egregious prosecutorial misconduct" and that defense counsel's failure to object violated Close's Sixth Amendment right to effective assistance. The district court "considered all statements cited by Close and finds that none rise to a level warranting § 2255 relief." We agree.

At trial, Polk County Deputy Sheriff Randy Tobey testified that he and another officer, executing a warrant to search Close's home, entered a back bedroom from which his wife had emerged. They saw Close roll off a bed, away from the officers and toward a dresser and nightstand. He appeared to be grasping for something underneath the bed with both hands. As the bed obstructed their view of Close below

-2-

his chest, they drew their weapons and repeatedly ordered him to show his hands. He eventually complied. After securing Close, officers searched the bedroom. They found a 12-gauge shotgun, digital scale, and small amount of methamphetamine under the bed, where Close had been reaching; a semiautomatic pistol in the nightstand drawer with a loaded magazine either in or next to the pistol; a .22-caliber rifle behind the nightstand; shotgun shells and .22-caliber ammunition in the nightstand; and methamphetamine, drug packaging materials, and cash in a dresser. The bedroom also contained a sophisticated surveillance system showing four different exterior views of the home. Close appeared to be intoxicated on methamphetamine. Deputy Tobey testified that drug dealers use surveillance cameras to warn them of police and those who rob drug dealers, and that drug dealers use firearms to protect drugs and cash.

Close testified that he was reaching under the bed to hide the digital scale and drugs. He denied having the firearms to protect him from people "trying to break in to steal your drugs." Close and his wife testified the guns were acquired before they started selling methamphetamine to finance their addictions; that they seldom if ever sold drugs at the house; that the guns were for hunting and family protection and were kept in the bedroom to prevent their son from accessing them; and that the surveillance system was to protect their daughters' car stereos from repeated thefts. In his direct testimony, Close's recount of his arrest differed from Deputy Tobey's in certain rather minor respects -- whether Close reached under the bed with one hand or two hands, whether the officers repeatedly yelled at him to show his hands, and whether the loaded magazine was in the pistol or lying nearby in the nightstand. On cross-examination, the prosecutor repeatedly asked Close if Deputy Tobey lied, to which Close answered yes, leading at the end to a heated exchange.

In closing argument, defense counsel noted that Close had confessed and pleaded guilty to drug offenses and admitted his methamphetamine addiction and urged the jury to credit his testimony that the firearms were unrelated to his illegal

drug trafficking.  Recalling the prosecutor's cross exam regarding inconsistencies between the testimony of Close and Deputy Tobey, counsel argued:

> If you remember [the cross] examination of my client yesterday afternoon, when they got a little testy with each other, you will remember it was the United States Attorney who kept demanding yes or no answers.  It was the United States Attorney that suggests that Mr. Close is claiming that the deputy lied and only putting him in that circumstance because he has to answer yes or no.
>
> Well, the reality of these things is people do recollect things differently.  The reality of the situation is that people under stress -- and people are under stress when they've just been arrested for crimes like the conspiracy to sell methamphetamine or possession of methamphetamine with intent to distribute -- they can recollect conversations differently than police officers.

In rebuttal, the prosecutor rose to the bait:

> Well, ladies and gentlemen, sitting here and listening to Mr. Hanson, I was debating whether I should give a rebuttal closing argument or whether I should go over and submit my resignation to the United States Attorney.
>
> Listening to Mr. Hanson almost has me caught in between a Perry Mason TV show and a cross with Mayberry R.F.D. with me being the hapless, incompetent prosecutor who forced lies from the witness stand and Deputy Tobey being my trusted sidekick, Barney Fife.  If that's what you believe and that's what you think the evidence shows, then return a verdict of not guilty.

*   *   *   *   *

Deputy Tobey has been a sworn peace officer in the state of Iowa for 17 years. What motive does he have to lie to you about Gary Close? What? Does anything come to mind?

If he's going to take the stand and lie about that, what are the potential repercussions? Lose his job, lose his pension, get criminally charged, go to prison. What motive would he have to lie to you?

This argument foolishly focused the jury on an inconsequential issue -- Deputy Tobey's credibility. More significantly, it was improper. We have repeatedly held that prosecutors in closing argument may not personally vouch for the credibility of a government witness, and that it distorts the government's burden of proof to argue "that if [defendant] told the truth in his testimony the government witnesses must have lied." United States v. Reed, 724 F.2d 677, 681 (8th Cir. 1984). After Close's trial, citing cases from other circuits, we extended this burden-of-proof principle and held that "the government made an improper argument when it stated that an acquittal required the jury to find that Officer Smith would jeopardize his future career as a police officer." United States v. Miller, 621 F.3d 723, 732 (8th Cir. 2010). On direct appeal, because of the trial court's broad discretion in controlling closing argument, we reverse for this type of error only if "the verdict could reasonably have been affected by the alleged misconduct." Id. at 730.

The prosecutor's rebuttal, if given today, would clearly overstep the bounds of Miller. Even at the time of Close's trial, the rebuttal was inconsistent with Reed and our vouching decisions. Close argues defense counsel had "no tactical reason for failing to object to such egregious prosecutorial misconduct." We disagree. Having irritated opposing counsel into a serious blunder, defense counsel could object, in which case the district court would likely sustain the objection and remind the jury that "arguments, questions and comments by lawyers . . . are not evidence," as they had already been instructed. Or counsel could remain silent, hoping the jury would be distracted from the incriminating physical evidence -- Close being found in his

bedroom with guns, drugs, cash, and a surveillance system -- and react negatively to the prosecutor's theatrical focus on an unimportant credibility issue. In our view, neither option was *constitutionally* deficient performance under <u>Strickland</u>.

In addition, we conclude that the failure to object did not prejudice Close's defense. Under <u>Strickland</u>, the issue is not whether the prosecutor's rebuttal was improper, but whether Close has shown a reasonable probability that, "'but for' counsel's [failure to object], the result would have been different." <u>Kellogg v. Skon</u>, 176 F.3d 447, 452 (8th Cir. 1999). Close does not argue the improper rebuttal would have prompted a mistrial. And rightly so -- as the credibility of Detective Tobey was of far less importance than the physical evidence, no mistrial was warranted. Thus, an objection, if sustained, would have resulted only in a repetitive curative instruction that the jury should focus on the evidence and ignore arguments of counsel, a focus less likely to produce a favorable verdict than leaving the jury focused on an insignificant credibility issue manufactured by the prosecution. Bearing in mind the strength of the government's other evidence, Close has failed to show a reasonable probability the jury would have rendered a different verdict had counsel timely objected to the improper rebuttal.

## II. The Jury Instruction Issue.

Close argues that Jury Instruction No. 10 added an element to the offense charged in the indictment, possession of a firearm in furtherance of a drug trafficking crime, a plain error so obvious and easily identifiable that counsel's failure to object constituted ineffective assistance violating the Sixth Amendment. Review of this instruction issue -- which we have not previously considered in an ineffective assistance context -- requires a brief summary of how the issue evolved.

As relevant here, § 924(c)(1)(A)(i) provides that "any person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in

-6-

furtherance of any such crime, possesses a firearm, shall . . . be sentenced to a term of imprisonment of not less than five years . . . ." The statute did not initially include the "in furtherance of" alternative. But in <u>Bailey v. United States</u>, 516 U.S. 137, 144 (1995), the Supreme Court overruled prior decisions of this court and other circuits and held that "a conviction for 'use' of a firearm under § 924(c)(1) requires more than a showing of mere possession . . . . [T]he Government must show active employment of the firearm." Congress responded by adding a possession-based alternative limited, however, by the important "in furtherance of" element. Pub. L. 105-386, § 1(a), 112 Stat. 3469 (1998).

In <u>United States v. Gamboa</u>, 439 F.3d 796, 810 (8th Cir.), <u>cert. denied</u>, 549 U.S. 1042 (2006), we held that the alternative ways to violate § 924(c)(1)(A) are separate crimes for double jeopardy purposes because "'in furtherance of' requires a slightly higher standard of participation than the language 'during and in relation to.'" In <u>United States v. Gill</u>, where the indictment charged carrying firearms during and in relation to drug trafficking crimes, we concluded it was error under <u>Gamboa</u> to instruct that an element of *that* offense was knowing possession in furtherance of a drug crime. We further concluded there was no plain error because the instructions, "while not identical to the applicable statutory language, nonetheless imparted the necessary information to the jury." 513 F.3d 836, 852-53 (8th Cir.), <u>cert. denied</u>, 555 U.S. 1080 (2008).

The converse situation was presented in <u>United States v. Kent</u>, 531 F.3d 642, 654 (8th Cir. 2008), where defendant was charged with the "possession in furtherance of" alternative. The instructions properly referenced that offense but included the definition of "in furtherance of" then found in Eighth Circuit Model Criminal Jury Instruction 6.18.924C. That definition had been taken verbatim from the Supreme Court's definition of "in relation to" in <u>Smith v. United States</u>, 508 U.S. 223, 238 (1993). Rejecting the Committee's assertion that the terms "during and in relation to" and "in furtherance of" in § 924(c)(1)(A) "were intended by Congress to be co-

extensive," Eighth Circuit Manual of Model Criminal Jury Instructions 6.18.924C, n.9 (2007), we concluded that this instruction was plain error under Gamboa. 531 F.3d at 654-55. But we affirmed the conviction because defendant "did not argue this specific error at the district court, nor on appeal." Id. at 656. We confronted similar jury instruction issues in several later cases, all on direct appeal, no doubt because the Committee did not amend Model Criminal Instruction 6.18.924C until 2009.[2] The model instruction now defines "in furtherance of" consistent with our prior cases.[3]

Turning to the merits of Close's ineffective assistance contention in the light of these prior decisions, Jury Instruction No. 10 contained a confusing amalgam of the elements of the distinct § 924(c)(1)(A) offenses:

>  The crime of knowingly and intentionally possessing a firearm in relation to a drug trafficking crime, has two essential elements . . . .

>  \*   \*   \*   \*   \*

>  (2) During and in relation to the commission of those [drug] crimes, the defendant knowingly possessed a firearm in furtherance of those crimes.

>  The phrase "possessed in furtherance of" means the firearm must have some purpose or effect with respect to the crimes of conspiracy and possession with intent to distribute methamphetamine; its presence or involvement cannot be the result of accident or coincidence.

---

[2]See United States v. Vanover, 630 F.3d 1108, 1119-21 (8th Cir. 2011), and cases discussed.

[3]"The term 'furtherance' as used in § 924(c) should be given its plain meaning, 'the act of furthering, advancing, or helping forward.'" United States v. Hamilton, 332 F.3d 1144, 1149 (8th Cir. 2003), quoted in Kent, 531 F.3d at 654.

Subparagraph (2) properly focused the jury on whether Close "knowingly possessed a firearm in furtherance of those crimes," as the indictment charged. But it was plain error under Kent and our later cases to define "in furtherance of" using the Supreme Court's definition of "during and in relation to" in Smith, and the two references to "in relation to" compounded the error.

We decided Gamboa in March 2006, well before Close's April 2007 trial and the submission of his direct appeal in December 2007. We did not apply Gamboa, a double jeopardy case, to the issue of § 924(c)(1)(A) instructions until Gill was decided in January 2008. And we did not identify the plain error lurking in Jury Instruction No. 10 until Kent was decided in July 2008. In the interim (indeed, until 2009), the error in Model Criminal Instruction 6.18.924C remained uncorrected, and many district judges continued to use the model, as the district court did in this case, without objections by prosecutors or defense attorneys. This chronology raises a serious question whether counsel's failure to anticipate that the law would change and to object to Instruction No. 10 on this ground "rendered his performance objectively unreasonable." Fields v. United States, 201 F.3d 1025, 1028 (8th Cir. 2000).[4] We need not decide this issue because we conclude that the failure to object did not prejudice Close's defense.

Strickland prejudice requires showing a "reasonable probability" of a different verdict if counsel had objected to Instruction No. 10. Kent and other plain error cases dealing with similar instruction issues are relevant authority because "[t]he standard for prejudice under Strickland is virtually identical to the showing required to establish that a defendant's substantial rights were affected under plain error analysis." Becht v. United States, 403 F.3d 541, 549 (8th Cir. 2005), cert. denied,

---

[4]Compare Smith v. McKee, 598 F.3d 374, 383-84 (7th Cir. 2010) (failure to object to applicable pattern jury instruction that was later held to be plain error not unreasonable); United States v. Hurt, 527 F.3d 1347, 1357 (D.C. Cir. 2008).

546 U.S. 1177 (2006); accord United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004). To decide whether a plain Gamboa instruction error affected the defendant's substantial rights, we have looked to the strength of the evidence supporting the jury's verdict and, most importantly, whether the facts suggested that "the firearm reasonably could have been possessed 'during and in relation to' drug trafficking but not 'in furtherance' of drug trafficking." United States v. Mashek, 606 F.3d 922, 932 (8th Cir. 2010), cert. denied, 131 S. Ct. 1605 (2011).

"'In furtherance of' is only a *slightly* higher standard than 'during and in relation to.'" Kent, 531 F.3d at 656. Thus, we have consistently denied plain error relief on this issue when the firearms were found in immediate proximity to drugs or other drug trafficking contraband in a location controlled by or accessible to the defendant. See Mashek, 606 F.3d at 932; United States v. Coleman, 603 F.3d 496, 501 (8th Cir. 2010); Kent, 531 F.3d at 652-53, 656. The facts surrounding Close's conviction are nearly identical to those in Mashek, 606 F.3d at 927, where surveillance equipment and multiple firearms were found in defendant's home, including a loaded handgun hanging on a hook near methamphetamine supplies and equipment. Applying plain-error review on direct appeal, we concluded that an instruction similar to Instruction No. 10 was plain Gamboa error, but that defendant failed to show the error was prejudicial. Only where the evidence raised a reasonable probability of a different verdict if the correct instruction was given have we upheld a claim of plain error. See United States v. Rush-Richardson, 574 F.3d 906, 912 (8th Cir. 2009); United States v. Brown, 560 F.3d 754, 767-68 (8th Cir. 2009).

Here, Instruction No. 10 was an amalgam of the separate offenses identified in Gamboa. Close has not posited what instruction counsel should have requested at the April 2007 trial (recall that Gamboa made no mention of an instruction issue). Nor does he address (i) whether the district court would likely have denied the request, in which case the issue must be raised on direct appeal, or (ii) why the evidence at trial raised a reasonable probability of a different verdict if the district court had given a

correct instruction, presumably the definition of "in furtherance of" now found in Model Instruction 6.18.924C. In these circumstances, we have no difficulty affirming the district court's denial of this ineffective assistance claim.[5]

The district court's order dated January 17, 2011, is affirmed.

———————————————

---

[5]Close also argues that Instruction No. 10 constructively amended the indictment. We decline to consider this issue. In his § 2255 motion, Close argued in Ground 7 that the alleged constructive amendment violated his Fifth Amendment grand jury right. The district court noted this contention and denied it without discussion. (We denied a constructive amendment argument on the merits in Gill, 513 F.3d at 849-52.) Close requested and was granted a certificate of appealability only for the ineffective assistance claims in Grounds 3 and 4. Limiting our review to those issues, as we must, whether the instruction violated the Fifth Amendment "is implicated only indirectly, to the extent it relates to the reasonableness of counsel's performance." Fields, 201 F.3d at 1027.