# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-2874

_____

Reginald Morgan,

*Petitioner - Appellant*,

v.

Laurent D. Javois,

*Respondent - Appellee*.

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 26, 2013
Filed: December 16, 2013

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Reginald Morgan was acquitted of criminal charges in Missouri state court by reason of insanity and committed to the custody of Missouri's Director of Mental Health. In 2008, he petitioned the district court for a writ of habeas corpus in an effort to gain release from the state mental institution. The district court dismissed the petition on the ground that it was second or successive, and thus barred by 28 U.S.C. § 2244(b). The State now concedes that the petition was not second or successive

within the meaning of the governing statute, but we affirm the dismissal on the alternative ground that Morgan procedurally defaulted his claims by failing to exhaust properly his state remedies.

## I.

In 1992, Morgan was charged in Missouri state court with first degree assault, armed criminal action, and unlawful use of a weapon; he allegedly stabbed a man with a butcher knife. In March 1994, Morgan was acquitted on the ground of mental disease or defect excluding responsibility and was committed to the custody of Missouri's Director of Mental Health. The court ordered that Morgan

> is not to be released therefrom except on order of this Court upon a determination through the procedures provided in Section 552.040 Missouri Revised Statutes, 1986, and unless it is determined by the Court that he does not have and in the reasonable future is not likely to have, a mental disease or defect rendering him dangerous to the safety of himself or others or unable to conform his conduct to the requirements of law.

*State v. Morgan*, No. 92I-2404, slip op. at 2 (Mo. Cir. Ct. Mar. 15, 1994); *see Morgan v. Lacy*, No. 4:05-cv-263-HEA/MLM, 2005 WL 2290578, at *1 (E.D. Mo. Sept. 20, 2005).

In 2004, Morgan applied to the state court for conditional release pursuant to Missouri Revised Statute § 552.040. *See Morgan*, 2005 WL 2290578, at *2. After a hearing, the state court ruled that Morgan failed to meet the statutory requirements for conditional release, *see* Mo. Rev. Stat. § 552.040, but granted him partial conditional release. *See Morgan*, 2005 WL 2290578, at *2.

In 2005, Morgan filed a *pro se* petition for writ of habeas corpus in federal district court. His petition raised three grounds for relief: (1) his confinement violates the Fifth, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution; (2) he was told he would be discharged six months after his initial confinement; and (3) Missouri's Director of Mental Health was "practicing racial hate" against him. *See id.* The district court construed the petition as a challenge to both the initial commitment order and the decision granting Morgan partial conditional release. *See id.* at *4. The district court held that Morgan's challenges to the initial commitment order were untimely under 28 U.S.C. § 2244(d), *see id.*, and that his claims regarding partial conditional release were procedurally defaulted, because Morgan failed to exhaust properly his state remedies when he neither appealed the decision nor moved for post-conviction relief in state court. *Id.* at *4–5. The district court concluded, in the alternative, that Morgan's petition failed to state grounds for relief on the merits. *Id.* at *5. Morgan did not appeal.

In October 2008, Morgan filed a second *pro se* habeas petition in federal district court. The petition raised as the ground for relief that "respondents keep saying that [Morgan] is a danger to himself and others if released on conditional discharge," although he "is rehabilitated and longterm stay in the hospital is unlawful and [Morgan's] illness is in remission."

In November 2008, before the district court ruled on Morgan's federal habeas petition, Morgan filed a new application in state court, this time seeking both conditional and unconditional release. In January 2009, after a hearing, the state court denied his application. Morgan timely appealed. In November 2009, the Missouri Court of Appeals dismissed Morgan's appeal on procedural grounds. Morgan filed an application requesting transfer of his appeal to the Missouri Supreme Court, but that application was stricken as untimely.

In August 2011, the district court dismissed Morgan's October 2008, second-in-time habeas petition on the ground that it was "successive" within the meaning of 28 U.S.C. § 2241(b)(1), and therefore barred by statute. *See Morgan v. Javois*, No. 4:08-cv-1601-TIA, 2011 WL 3715114, at *1 (E.D. Mo. Aug. 24, 2011). The court also ruled in the alternative that even if the petition were not successive, it failed to state a constitutional claim that was cognizable in a federal habeas petition. *Id.*

In October 2012, this court granted a certificate of appealability on two issues: (1) whether Morgan's October 2008 petition is successive, and (2) whether his petition states a cognizable claim under *Foucha v. Louisiana*, 504 U.S. 71 (1992).

II.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that "[a] claim presented in a second or successive habeas corpus application . . . shall be dismissed" except under certain, narrow circumstances. 28 U.S.C. § 2244(b). The district court dismissed the October 2008 petition as successive, but the State now concedes that this ruling was error. In *Panetti v. Quarterman*, 551 U.S. 930 (2007), the Supreme Court eschewed a literal reading of § 2244(b) and reasoned that the prohibition on "second or successive" petitions does not foreclose a second petition that raises a claim that was "unripe" at the time of the first federal habeas petition. *Id.* at 943–45. In *Panetti*, the Court considered a claim of mental incompetence that precluded execution in a capital case. *See Ford v. Wainwright*, 477 U.S. 399, 410 (1986). The Court explained:

> In the usual case, a petition filed second in time and not otherwise permitted by the terms of § 2244 will not survive AEDPA's "second or successive" bar. There are, however, exceptions. We are hesitant to construe a statute, implemented to further the principles of comity,

finality, and federalism, in a manner that would require unripe (and, often, factually unsupported) claims to be raised as a mere formality, to the benefit of no party.

*Panetti*, 551 U.S. at 947. Before *Panetti*, this court similarly had allowed a second federal habeas petition to proceed when it raised a parole-related claim that the petitioner could not have raised in his first habeas petition. *Crouch v. Norris*, 251 F.3d 720, 725 (8th Cir. 2001); *see also Pennington v. Norris*, 257 F.3d 857, 858 (8th Cir. 2001).

Morgan's second petition does not challenge the validity of his acquittal or his initial commitment; rather, he challenges his continued confinement. *See Revels v. Sanders*, 519 F.3d 734, 740 (8th Cir. 2008). Just as a claim that mental incompetence precludes execution is unripe until execution is imminent, *see Stewart v. Martinez–Villareal*, 523 U.S. 637, 644–45 (1998), and a parole-related claim is unripe until after the parole hearing, *see Crouch*, 251 F.3d at 725, a challenge to a state-court decision regarding the legality of an insanity acquittee's continued confinement is unripe until that decision is rendered. We therefore agree with the parties that Morgan's October 2008 habeas petition is not barred as "second or successive" within the meaning of AEDPA.

## B.

Morgan's habeas petition, however, faces a second procedural difficulty. When a habeas petitioner defaults his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of his claims is barred unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991). Procedural default is a matter that federal courts may raise on their

own initiative in appropriate circumstances.  *See Day v. McDonough*, 547 U.S. 198, 206–07 (2006).

When Morgan filed his second-in-time habeas petition in October 2008, he had not yet begun to exhaust his state remedies.  Before the district court ruled on his petition, Morgan began to exhaust his state remedies by applying for conditional and unconditional release in state court.  Morgan then defaulted his federal claims, however, by failing to file an appellate brief in state court, as required by Missouri Supreme Court Rule 84.05(a).  The Missouri Court of Appeals dismissed his appeal on that basis, and Morgan does not dispute that Missouri's procedural requirement is firmly established and regularly followed, *see James v. Kentucky*, 466 U.S. 341, 348 (1984), or contend that the state-law ground for decision is otherwise inadequate.  *See Lee v. Kemna*, 534 U.S. 362, 376 (2002).

Morgan's procedural default eliminated any remaining state remedies that were available to him, thus technically satisfying AEDPA's requirement that he exhaust state remedies.  *See* 28 U.S.C. § 2254(b)(1)(A); *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982).  But the procedural bar under state law prevents federal habeas review of his federal claims unless he can demonstrate cause and prejudice or a miscarriage of justice.  *See Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  Morgan makes no attempt to meet those standards—"perceived futility alone cannot constitute cause," *Engle*, 456 U.S. at 130 n.36—so the habeas petition was properly dismissed.  It is therefore unnecessary to address Morgan's argument on the merits that the state-court decision contravened *Foucha*.

C.

While this appeal was pending, we were advised that Morgan has again applied to the state court for conditional and unconditional release. In June 2013, after a hearing, a Missouri circuit court denied Morgan's application. Morgan timely appealed, and the case is pending before the Missouri Court of Appeals.

If, after exhausting state remedies, Morgan believes that the adjudication of his present claims for release gives rise to a basis for relief under federal law, then he may file another federal habeas petition in the district court to challenge his continued confinement as of 2013. The State acknowledged at oral argument that, in light of *Panetti* and *Crouch*, such a petition would not be barred as "second or successive" within the meaning of AEDPA.

\* \* \*

The judgment of the district court is affirmed.

_____