# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1189

_____

Thomas Christopher Dodge,

               Appellee,

v.

Elizabeth Robinson,

               Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Southern District of Iowa.
\*
\*
\*

_____

Submitted:  September 21, 2010
Filed:  November 1, 2010

_____

Before GRUENDER, BRIGHT, and SHEPHERD, Circuit Judges.

_____

GRUENDER, Circuit Judge.

An Iowa jury found Thomas Dodge guilty of two felony drug offenses, and the trial court imposed consecutive sentences totaling 35 years.  After an unsuccessful round of direct and post-conviction review before the Iowa courts, Dodge filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that his consecutive sentences violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.  The district court granted habeas relief on the ground that Dodge's counsel provided ineffective assistance by failing to raise his double-jeopardy claim at trial. Elizabeth Robinson, Chair of the Iowa Board of Parole ("State"), appeals.  We reverse for the reasons that follow.

# I.    BACKGROUND

In 1999, Dodge was charged with multiple drug offenses.  The case went to trial, and Dodge was convicted on two counts:  manufacture of less than five grams of methamphetamine, in violation of Iowa Code § 124.401(1)(c)(6), and possession of pseudoephedrine with the intent to unlawfully manufacture methamphetamine, in violation of Iowa Code § 124.401(4).  The trial court imposed a 20-year sentence for the manufacturing offense and a 15-year sentence for the possession offense, the sentences to be served consecutively.  At the sentencing hearing, Dodge made no objection that the imposition of cumulative punishment for the manufacturing and possession counts violated the Double Jeopardy Clause.

On direct appeal, Dodge urged reversal based, in part, on ineffective assistance of counsel.  He argued that his trial counsel made eight alleged mistakes, including failing to object to what Dodge labeled the "merger issue."  Possession of pseudoephedrine with the intent to manufacture methamphetamine, Dodge claimed, is a lesser included offense of the manufacture of methamphetamine.  Section 701.9 of the Iowa Code requires the merger of lesser included offenses, making cumulative punishment for each offense illegal.  This section of the Iowa Code, Dodge argued, essentially codifies the requirements of the Double Jeopardy Clause.  Since he was convicted of both the manufacture and possession offenses and given separate, consecutive sentences for each, Dodge argued that his sentence was illegal under Iowa law and that his attorney's failure to object to the illegal sentence constituted ineffective assistance of counsel.

The Iowa Court of Appeals affirmed, denying Dodge's ineffective-assistance claim on the merits.  *State v. Dodge*, No. 99-1503, 2000 WL 1421759 (Iowa Ct. App. Sept. 27, 2000) (unpublished).  The court examined the intent of the legislature under "the rule of statutory construction articulated in *Blockburger v. United States*," in order to determine whether the Iowa legislature intended cumulative punishment for

both offenses. *Id.* at \*4. Since "[e]ach offense of which Dodge was convicted contained an element not found in the other," the court concluded that the legislature had intended cumulative punishment and that, as a result, the sentence did not violate the Double Jeopardy Clause or Iowa's statutory merger rule. *Id.* Accordingly, the Iowa Court of Appeals held that trial counsel was not ineffective for failing to object to the cumulative punishment. *Id.* The Iowa Supreme Court denied further review.

Dodge then initiated state post-conviction proceedings in Iowa district court, raising a freestanding double-jeopardy claim and a related ineffective-assistance claim. The court denied post-conviction relief. *Dodge v. State*, No. PCLA 5247 (Iowa D. Lee Cnty. Mar. 20, 2006). With respect to the freestanding double-jeopardy claim, the district court agreed with the Iowa Court of Appeals's conclusion that the manufacturing and possession offenses have distinct elements. Consequently, the Iowa district court held that neither the Double Jeopardy Clause nor the state merger rule had been violated and that counsel had not been ineffective. *Id.* at 8.

Dodge appealed, and the Iowa Court of Appeals affirmed. *Dodge v. State*, No. 06-0736, 2007 WL 1062863 (Iowa Ct. App. Apr. 11, 2007) (unpublished). The court noted that, on direct review, Dodge had presented an ineffective-assistance claim based on trial counsel's failure to object to the alleged double-jeopardy violation. Since it had rejected Dodge's ineffective-assistance claim because there had been no underlying double-jeopardy violation, the court held that it had already addressed the substance of his freestanding double-jeopardy claim and declined to reconsider it in a post-conviction proceeding. The Iowa Supreme Court again denied further review.

Dodge then filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2254. Dodge again argued that his cumulative punishment for the manufacturing and possession convictions violated the Double Jeopardy Clause. The district court construed this freestanding double-jeopardy argument as having raised an ineffective-assistance claim and granted habeas relief on that basis. *Dodge v. Robinson*, No. 07-

cv-540 (S.D. Iowa Dec. 29, 2009). The district court held that the manufacturing and possession charges did not contain distinct elements, making cumulative punishment for the two offenses a violation of the Double Jeopardy Clause. The court concluded that trial counsel should have objected to the double-jeopardy violation and that the failure to do so constituted ineffective assistance.

## II. DISCUSSION

In reviewing a district court's grant of habeas relief in a § 2254 action, we review its conclusions of law *de novo* and its factual findings for clear error. *Colvin v. Taylor*, 324 F.3d 583, 586 (8th Cir. 2003). We review the Iowa court decisions under the deferential standards established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and can only grant habeas relief if those decisions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Dodge argues here, as he did before the district court, that the Iowa trial court violated the Double Jeopardy Clause when it imposed cumulative punishment for his manufacturing and possession offenses. The district court construed this freestanding double-jeopardy claim as an ineffective-assistance-of-counsel claim and granted relief

on that basis. We conclude that Dodge is not entitled to habeas relief on either basis.[1] We begin with the freestanding double-jeopardy claim.

The Fifth Amendment's Double Jeopardy Clause provides a criminal defendant with three protections. *Bally v. Kemna*, 65 F.3d 104, 106 (8th Cir. 1995). The first two guard against successive prosecution, either after an acquittal or after a conviction. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). Neither of these protections is at issue here. Instead, Dodge advances his claim under the Double Jeopardy Clause's protection against cumulative punishment. This double-jeopardy protection limits the judicial branch by "assuring that the [sentencing] court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Id.* In multiple-punishment cases, the court's role is strictly cabined. "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983).

The third double-jeopardy protection, then, turns on legislative intent. "[T]he question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed."

---

[1] The State argues, as a threshold matter, that both the freestanding double-jeopardy and ineffective-assistance claims are procedurally defaulted because Dodge failed to raise either claim consistently throughout the state review proceedings. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (holding that a petitioner "must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review)" to properly preserve it for federal habeas review) (internal quotation marks omitted). Since we can dispose of both claims on the merits, we do not address the issue of procedural default. *See Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) ("Although the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." (citing *Lambrix v. Singletary*, 520 U.S. 518 (1997))).

*Albernaz v. United States*, 450 U.S. 333, 344 (1981). In deciding whether cumulative punishment is intended, a court's "starting point must be the language of the statutes." *Id.* at 336. Where "a legislature specifically authorizes cumulative punishment under two statutes . . . a court's task of statutory construction is at an end." *Hunter*, 459 U.S. at 368-69. However, where, as in this case, neither statute specifically authorizes cumulative punishment, courts generally apply the rule of construction announced in *Blockburger v. United States*, 284 U.S. 299 (1932). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304.

It is important not to overstate the *Blockburger* "same-elements" test's role under this third double-jeopardy protection. It does not limit the legislative branch, which has "the substantive power to define crimes and prescribe punishments." *Jones v. Thomas*, 491 U.S. 376, 381 (1989). "Where [the legislature] intend[s] . . . to impose multiple punishments, imposition of such sentences does not violate the Constitution." *Albernaz*, 450 U.S. at 344. Rather, *Blockburger* is simply a rule of statutory construction. This distinction is critical to the disposition of this case, because where, as here, a defendant challenges cumulative punishment imposed for violations of state law, whether this cumulative punishment is authorized by the legislature is a question of state law. *See Hunter*, 459 U.S. at 368.

The Supreme Court repeatedly has held, in the double-jeopardy context, that whether a state legislature intends cumulative punishment for two offenses is an issue of state law, over which state courts have final authority. In *Hunter*, for example, the Court declined to reexamine the Missouri Supreme Court's conclusion that cumulative punishment was intended for the Missouri offenses at issue in that case, maintaining that "[w]e are bound to accept the Missouri court's construction of that State's statutes." *Id.* And again in *Ohio v. Johnson*, 467 U.S. 493 (1984), the Court refused to revisit the Ohio Supreme Court's determination of the Ohio legislature's intent,

simply stating that "[w]e accept, as we must, the Ohio Supreme Court's determination that the Ohio Legislature did not intend cumulative punishment for the two pairs of crimes involved here." *Id.* at 499.

In this case, Dodge's double-jeopardy claim turns on whether the Iowa legislature intended to impose cumulative punishment for the violation of both section 124.401(1)(c)(6) (manufacture of methamphetamine) and section 124.401(4) (possession of pseudoephedrine with intent to manufacture methamphetamine) of the Iowa Code. Both of the Iowa courts that addressed this question on the merits answered it in the affirmative. On direct appeal, the Iowa Court of Appeals, applying *Blockburger*, held that the legislature intended to authorize cumulative punishment because "[e]ach offense of which Dodge was convicted contained an element not found in the other." *Dodge*, 2000 WL 1421759, at \*4. On state post-conviction review, the Iowa district court agreed with this conclusion. *Dodge*, No. PCLA 5247, at 8.

We are bound by the Iowa courts' interpretation of Iowa law. Under AEDPA, a federal court can grant habeas relief from a state-court judgment only if that judgment "was contrary to, or involved an unreasonable application of, clearly established *Federal* law." 28 U.S.C. § 2254(d)(1) (emphasis added). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

To be sure, we are not bound by the Iowa courts' further conclusion that no double-jeopardy violation occurred, which is an issue of federal constitutional law. *Cf. Hunter*, 459 U.S. at 368 ("[W]e are not bound by the Missouri Supreme Court's legal conclusion that these two statutes violate the Double Jeopardy Clause . . . ."). However, "[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Id.* at 366. Since we are bound by

-7-

the Iowa courts' determination that the Iowa legislature intended cumulative punishment for these offenses, we cannot reject the constitutional conclusion that necessarily follows: no double-jeopardy violation occurred in this case. *See, e.g.*, *McCloud v. Deppisch*, 409 F.3d 869 (7th Cir. 2005) (denying a petition for habeas corpus based on a double-jeopardy multiple-punishment claim, because the state court had held that the legislature intended cumulative punishment, and a federal habeas court has no power to review this state-law conclusion); *Birr v. Shillinger*, 894 F.2d 1160 (10th Cir. 1990) (per curiam) (same); *Deloach v. Wainwright*, 777 F.2d 1524 (11th Cir. 1985) (per curiam) (same).

Having found Dodge's double-jeopardy claim to be without merit, we have no difficulty deciding that his counsel's failure to raise the claim at trial could not constitute ineffective assistance. *See Thomas v. United States*, 951 F.2d 902, 905 (8th Cir. 1991) (per curiam) ("Counsel's failure to raise these meritless issues does not constitute ineffective assistance."). The district court therefore erred in granting Dodge's petition for habeas relief on this basis.

## III.  CONCLUSION

For the foregoing reasons, we reverse the grant of Dodge's petition for writ of habeas corpus and remand with instructions to enter an order denying Dodge's petition.[2]

——————————————————————

——————————————

[2] Dodge's habeas petition also raised an ineffective-assistance claim based on trial counsel's allegedly faulty plea advice, which the district court rejected on the merits. Dodge did not appeal the denial of this claim, so we need not address it.