# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3401

_____

Danny Kwami Barnes

*Petitioner - Appellant*

v.

Steve Hammer, Acting Warden Rush City Correctional Facility; Attorney General
of the State of Minnesota

*Respondents - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 10, 2014
Filed: August 25, 2014

_____

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.

_____

BEAM, Circuit Judge.

Danny Kwami Barnes appeals the district court's[1] denial of his petition for
habeas corpus pursuant to 28 U.S.C. § 2254. Certified for appeal is the sole question

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District
of Minnesota.

of whether Barnes received ineffective assistance of counsel, leading him to reject a favorable plea offer. We affirm the district court's denial of relief.

## I.    BACKGROUND

Barnes is a pastor at a church in Minnesota. On June 22, 2009, he led a group of parishioners to a residence in Beardsley, Minnesota, in what he describes in his brief as "a misguided attempt to help a wayward parishioner"–Max Bauer–by breaking in and forcefully removing Max from the residence. Armed with firearms, Barnes' group smashed a glass door to get inside, and once inside, the group pulled Max (who was hiding under a bed) from a bedroom and beat him as they dragged him out of the house. Max's father Chuck was a co-pastor, and one of the members of the group that pulled Max from the house. Based upon this incident, Barnes was ultimately charged in Minnesota state court with kidnaping, first-degree burglary with a dangerous weapon, second-degree assault with a deadly weapon, and fifth-degree assault. He waived a jury trial and following a two-day bench trial, was convicted of the foregoing counts by the court.

Prior to trial, there were extensive plea negotiations. Barnes' first lawyer was a public defender, Kenneth Hamrum. Hamrum informed Barnes that he faced a mandatory minimum sentence of 36 months, and that he could be possibly given a longer sentence, if convicted of the charges. At some point during Hamrum's representation of Barnes, the prosecution offered Barnes a deal for a 36-month sentence for pleading guilty on one count, and dismissing the others. Hamrum testified that he communicated this deal to Barnes, but that Barnes was unwilling to accept any deal involving prison time. On the eve of the scheduled trial date in October 2009, Barnes discharged Hamrum and sought new counsel, eventually securing the services of Jerome Lewis, with Mitchell Robinson serving as co-counsel. Trial was rescheduled for January 2010. Because Barnes was in jail pending trial, his

outgoing phone conversations with his new attorneys were recorded.[2] These recorded conversations show that Barnes and the attorneys were undecided and going back and forth about whether Barnes should proceed to trial or take some kind of deal that was presumably still in play. The conversations also indicate Barnes was hoping that charges against Max's father would ultimately be dismissed as part of any plea deal Barnes might accept.

After Barnes was tried, convicted, and sentenced to 138 months in prison, he filed a motion for postconviction relief in Minnesota state court, alleging ineffective assistance of counsel. At the postconviction hearing, Hamrum and Robinson both testified, and the court considered transcripts of the recorded phone conversations, as well as a video recording of a sermon Barnes preached wherein he detailed the fact that he was facing a possible 24-year prison sentence for his actions. The postconviction court denied relief, finding that the performance of Barnes' attorneys was not objectively unreasonable, and that, in any event, there was no prejudice because Barnes could not establish he would have taken the plea deal had he received effective assistance of counsel. The postconviction court made a finding of fact, based upon the testimony of both attorneys and the transcripts of recorded conversations, that the reason Barnes did not accept the 36-month plea offer was because he could not secure favorable treatment for Max's father, Chuck. On appeal, the Minnesota Court of Appeals affirmed, finding that there was no prejudice because it was clear that Barnes would not accept the deal if he could not get favorable treatment for Chuck Bauer, and further, that Barnes was aware he faced a long sentence if tried and convicted without pleading guilty. State v. Barnes, No. A10-792, 2012 WL 762177, at *6-7 (Minn. Ct. App. Mar. 12, 2012).

---

[2]And because Barnes alleged ineffective assistance of counsel, at the postconviction hearing, he affirmatively waived his right to the attorney-client privilege insofar as the conversations related to the specifics of the plea negotiations, as this was the basis for his ineffective assistance claim.

Barnes filed the current timely petition for habeas corpus pursuant to 28 U.S.C. § 2254, asserting, as relevant, the ineffective assistance of counsel claim. The magistrate judge[3] issued a report and recommendation denying relief, finding that the Minnesota state courts' application of Supreme Court precedent, namely Strickland v. Washington, 466 U.S. 668 (1984), was not objectively unreasonable or contrary to law. The magistrate judge also found record support for the state courts' factual findings. The district court adopted the magistrate judge's report and recommendation, but issued a certificate of appealability on the assistance of counsel issue.

## II.   DISCUSSION

We review petitions for writ of habeas corpus under the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Because Barnes' claims were "adjudicated on the merits in State court proceedings," 28 U.S.C. § 2254(d), he is entitled to relief only by showing that the adjudication resulted in a decision that was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. Our review of the state court's decision on Barnes' ineffective assistance of counsel claim is "doubly deferential." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quotation omitted). To establish a constitutional violation, a petitioner must show both that counsel's performance was deficient and that the deficiency prejudiced his defense. Strickland, 466 U.S. at 687. In the plea negotiation context, in order to establish prejudice, a petitioner must show that the outcome of the plea process would have been different had competent counsel represented him during the plea process. Lafler v. Cooper, 132 S. Ct. 1376,

---

[3]The Honorable Steven E. Rau, United States Magistrate Judge for the District of Minnesota.

1384 (2012). If a defendant turns down a legitimate plea offer due to incompetent advice, and is later convicted on more serious counts after trial and receives a more severe sentence, his claim for ineffective assistance of counsel will be successful. Id. at 1386.

There is a strong presumption that counsel has rendered adequate assistance and made all significant decisions for tactical reasons rather than through neglect. Cullen, 131 S. Ct. at 1403-04. Where a state court concludes that there was no ineffective assistance under this "highly deferential" standard, a federal court then must review counsel's performance under the "deferential lens of § 2254(d)." Id. at 1403 (quotations omitted). In other words, we do not directly assess counsel's performance; we assess the state courts' assessment of counsel's performance.

A writ of habeas corpus can also be granted if the state courts' resolution of a prisoner's criminal case is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Thus, habeas relief can be available if the conviction at issue is based on findings of fact that could not reasonably be derived from the state court evidentiary record. However, factual findings by the state courts are presumed correct. Id. § 2254(e).

We find that the Minnesota state courts' adjudication of Barnes' ineffective assistance claim is not contrary to Supreme Court precedent. Under either Strickland or Lafler,[4] Barnes cannot prevail on a habeas ineffective assistance of counsel claim in this instance. The Minnesota courts reasonably applied Strickland in finding no prejudice, as the record supports the finding that Barnes did not turn down a

---

[4]The Minnesota Court of Appeals did not have the benefit of the Supreme Court's decision in Lafler, which was decided nine days after the Court of Appeals issued the opinion in Barnes' case. When Barnes petitioned for further review, he cited Lafler to the Minnesota Supreme Court, which, nonetheless, denied review.

legitimate plea offer due to incompetent advice. Instead, the state courts found he turned it down for a host of other personal reasons, including that he did not want to do jail time, and that he was trying to get a better deal for his friend. These findings are presumed correct, see 28 U.S.C. § 2254(e), and there is nothing in the record to overcome that presumption. The state courts also found Barnes knew he was facing a possibly longer term of imprisonment if he went to trial. Again, this finding is presumed correct, and even if Barnes did not know the intricate particulars of calculating the Minnesota sentencing guidelines, there was evidence that Barnes knew of the approximate and lengthy possibilities for his sentencing. And, though Barnes strenuously argues that counsel was deficient for not going through the Minnesota sentencing guidelines with him, as previously noted, we do not directly assess counsel's performance; we assess the Minnesota courts' assessment of counsel's performance. Given that lens, we find that the state courts' adjudication of this claim was not an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts presented in the state court proceedings.

## III.   CONCLUSION

We affirm the denial of 28 U.S.C. § 2254 relief.

_____