# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1922
_____

Fred Johnson

*Petitioner - Appellant*

v.

Darin Young, Warden, et al.

*Respondents - Appellees*
_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls
_____

Submitted: December 11, 2014
Filed: February 20, 2015
_____

Before LOKEN, BRIGHT, and KELLY, Circuit Judges.
_____

LOKEN, Circuit Judge.

Fred Johnson shot his ex-girlfriend in the head, causing serious permanent injuries. A South Dakota jury convicted him of first-degree attempted murder and aggravated assault. The trial judge imposed consecutive sentences of twenty-five and fifteen years for the two offenses. On direct appeal, the Supreme Court of South Dakota rejected Johnson's claim that imposing consecutive sentences for attempted murder and aggravated assault based on the same act violated the Fifth Amendment's

Double Jeopardy Clause, as applied to the States by the Fourteenth Amendment. State v. Johnson, 739 N.W.2d 1, 5-8 (S.D. 2007). After exhausting state postconviction remedies, Johnson petitioned for a federal writ of habeas corpus. The district court[1] dismissed the petition but granted a certificate of appealability on this double jeopardy issue. We may grant federal habeas relief only if a state court judgment was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d). Applying this deferential standard, we affirm.

The Double Jeopardy Clause protects a criminal defendant from "multiple punishments for the same offense imposed in a single proceeding." Jones v. Thomas, 491 U.S. 376, 381 (1989) (quotation omitted). The "question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed." Albernaz v. United States, 450 U.S. 333, 344 (1981). Thus, when the issue is cumulative sentences imposed for multiple offenses in a state court trial, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983). "[W]hether a state legislature intends cumulative punishment for two offenses is an issue of state law, over which state courts have final authority." Dodge v. Robinson, 625 F.3d 1014, 1018 (8th Cir. 2010) (citing Supreme Court cases).

In reviewing Johnson's double jeopardy claim on direct appeal, the Supreme Court of South Dakota began by noting that "the Legislature may impose multiple punishments for the same conduct without violating the Double Jeopardy Clause if it clearly expresses its intent to do so," and that the "true intent of the legislature is ascertained primarily from the language of the statute." Johnson, 739 N.W.2d at 6 (quotations omitted). The Court then determined that the statutes prohibiting

---

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, adopting the Report and Recommendation of the Honorable John E. Simko, United States Magistrate Judge for the District of South Dakota.

aggravated assault, first degree murder, and criminal attempt did "not expressly preclude or authorize cumulative punishments," and therefore "the legislative intent is uncertain." Id. at 7. "[W]hen legislative intent to impose multiple punishments is uncertain," the Court explained, "we employ the . . . analysis" from Blockburger v. United States, 284 U.S. 299, 304 (1932); this "analysis is a rule of statutory construction to help determine legislative intent." Johnson, 739 N.W.2d at 7. "Under Blockburger, the test to be applied to determine whether there are two separate offenses . . . is whether each provision requires proof of an additional fact which the other does not." Id. Because "aggravated assault requires proof of the statutory element of 'serious bodily injury' while attempted murder does not," and attempted murder requires proof of "a premeditated design to effect death," while aggravated assault does not, the Court concluded that consecutive sentences imposed for these two offenses did not violate Johnson's constitutional double jeopardy rights. Id.

On appeal, Johnson argues that his consecutive sentences violate the Double Jeopardy Clause because the South Dakota Supreme Court first stated that multiple punishment may be imposed only if the Legislature "clearly expresses its intent to do so," and then concluded that legislative intent was "uncertain" on the face of the statutes at issue. Johnson contends that this second determination should have ended in his favor the Court's inquiry into legislative intent. At the very least, he contends, the Court should have invoked the rule of lenity and interpreted legislative silence as demonstrating an intent not to impose cumulative punishments. Instead, the Court impermissibly ignored its determination of legislative intent and employed the Blockburger test as an independent ground for upholding multiple punishments.

We agree that legislative intent, rather than a free-standing judicial application of Blockburger, must be the touchstone of the multiple-punishment double jeopardy analysis. See Hunter, 459 U.S. at 368-69. But here the South Dakota Supreme Court explicitly stated that it used the Blockburger analysis as "a rule of statutory construction *to help determine legislative intent.*" Johnson, 739 N.W.2d at 7

-3-

(emphasis added). The Supreme Court of South Dakota's use of <u>Blockburger</u> in this manner was consistent with its prior decisions determining that, as a matter of South Dakota law, the Legislature "clearly expresses its intent" that multiple punishments may be imposed when it enacts statutes defining two separate criminal offenses, each of which requires proof of at least one element the other does not. <u>See</u> <u>State v. Lafferty</u>, 716 N.W.2d 782, 786 (S.D. 2006); <u>State v. Dillon</u>, 632 N.W.2d 37, 44-45 (S.D. 2001). This conclusion is hardly surprising, for it is precisely the analysis applied by the Supreme Court of the United States in resolving a multiple punishments issue under federal law in <u>Albernaz</u>, 450 U.S. at 336-38, and by the Iowa Court of Appeals in <u>Dodge</u>, 625 F.3d at 1016.

We are bound by this state court determination of state law. And having determined legislative intent as a matter of state law, the Supreme Court of South Dakota was not constitutionally obligated to apply the rule of lenity to reach a contrary conclusion. <u>See</u> <u>Albernaz</u>, 450 U.S. at 342-43. Thus, as multiple punishment double jeopardy protection turns on legislative intent, there was no Double Jeopardy Clause violation. <u>Dodge</u>, 625 F.3d at 1018-19; <u>see</u> <u>McCloud v. Deppisch</u>, 409 F.3d 869, 876 (7th Cir.), <u>cert. denied</u>, 546 U.S. 1063 (2005).

The judgment of the district court is affirmed.

_____