# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2327
_____

Valentin Velez

*Petitioner - Appellant*

v.

Clarinda Correctional Facility

*Respondent - Appellee*
_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines
_____

Submitted: February 11, 2015
Filed: June 29, 2015
_____

Before BYE, BEAM, and BENTON, Circuit Judges.
_____

BEAM, Circuit Judge.

Valentin Velez appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus relief. The issue certified for appeal is whether the Iowa state courts unreasonably applied United States Supreme Court precedent when they determined that Velez's conviction and sentences did not run afoul of the Double Jeopardy Clause of the United States Constitution. We affirm the denial of habeas corpus relief.

## I.    BACKGROUND

Seeking to collect on a drug debt or retaliate against the victim for failing to pay the debt, on July 5, 2010, Velez attacked the victim in a prolonged beating with a metal pole causing numerous broken bones and other serious injuries. Velez pleaded guilty to two counts of "willful injury causing serious injury" pursuant to Iowa Code § 708.4(1). The plea agreement provided that the state would recommend consecutive sentences for the counts, which were both based upon the July 5, 2010, incident, and accordingly, after accepting Velez's guilty plea, the state trial court sentenced Velez to consecutive ten-year sentences.

On direct appeal, Velez asserted there was an inadequate factual basis for his guilty plea, that counsel was ineffective, and that the sentence violated the Double Jeopardy Clause of the United States Constitution. The Iowa Court of Appeals reversed, finding that the trial court erred in accepting the plea, because the plea colloquy only established a factual basis for the proposition that Velez had caused multiple serious injuries, not that there were at least two discrete incidents or assaults. Accordingly, the Court of Appeals found that Velez's conviction violated double jeopardy because "[t]o allow separate counts for separate blows delivered during an assault would lead to an impermissible multiplicity of charges." State v. Velez, No. 11-0472, 2012 WL 652298, at *4 (Iowa Ct. App. Feb. 29, 2012). Upon further review, the Iowa Supreme Court reversed. The court found that in viewing the record as a whole, which it construed to include the charging documents and minutes of testimony in addition to the plea transcript, there was a sufficient factual basis to support a finding of two separate assaults, rather than just one. The court so found because the minutes of testimony of Welsh, the person who accompanied Velez during the attack, indicated that the assault stopped twice–once for Velez to pat the victim down looking for money, and another time when the victim dropped a lighter which the parties thought was a gun. Because of these two "breaks in the action," the Iowa Supreme Court found there was a factual basis for two separate completed acts,

rather than one continuous act, that caused two separate serious injuries. State v. Velez, 829 N.W.2d 572, 583-84 (Iowa 2013). Accordingly, because the Iowa legislature considered these acts separate units of prosecution, there was no violation of the Fifth Amendment's prohibition against double jeopardy. Id. at 584.

Velez filed the current petition for habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his conviction and sentence violate the Double Jeopardy Clause. The district court denied relief, finding first that the Iowa state court's adjudication of the federal issue was not an unreasonable application of the Supreme Court's double jeopardy jurisprudence. 28 U.S.C. § 2254(d)(1). With regard to Velez's factual arguments pursuant to § 2254(d)(2), the court found that Velez's convictions were not based upon an unreasonable determination of the facts in light of the evidence presented in the Iowa state courts. The district court issued a certificate of appealability pursuant to 28 U.S.C. § 2253.

## II.   DISCUSSION

We review petitions for writ of habeas corpus under the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). To the extent Velez's claim was "adjudicated on the merits in State court proceedings," 28 U.S.C. § 2254(d), he is entitled to relief only by showing that the adjudication resulted in a decision that was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," id. § 2254(d)(1), or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2). In other words, habeas relief can be available if the conviction at issue is based on factual determinations that could not reasonably be derived from the state court evidentiary

record.  Barnes v. Hammer, 765 F.3d 810, 814 (8th Cir. 2014).  However, factual findings by the state courts are presumed correct.  28 U.S.C. § 2254(e).[1]

As relevant to the claim Velez makes in this case, the Double Jeopardy Clause of the United States Constitution ensures that the total punishment a defendant has received does not exceed that authorized by the legislature.  Jones v. Thomas, 491 U.S. 376, 381 (1989).   When a defendant has been charged with multiple offenses under the same statute and arising out of the same transaction, we must look to whether the state legislature intended the facts underlying each count to constitute a separate unit of prosecution.  Bell v. United States, 349 U.S. 81, 83-84 (1955).  If the unit of prosecution intended by the legislature prescribes multiple punishments under the same statute and conceivably arising from the same incident, the Double Jeopardy Clause is not violated.  Missouri v. Hunter, 459 U.S. 359, 368 (1983).  In multiple-punishment cases, our role as a reviewing habeas court is "strictly cabined" by the state legislature's intent.  Dodge v. Robinson, 625 F.3d 1014, 1017 (8th Cir. 2010).  "[W]here, as here, a defendant challenges cumulative punishment imposed for violations of state law, whether this cumulative punishment is authorized by the legislature is a question of state law."  Id. at 1018.

---

[1]As noted by the district court, a lingering issue in federal habeas jurisprudence is whether there is a conflicting standard between the "unreasonable" provisions of § 2254(d)(2) and the "presumed correct" provisions of § 2254(e).  Very recently, the Supreme Court noted that "[w]e have not yet defined the precise relationship between § 2254(d)(2) and § 2254(e)(1) . . . and we need not do so here."  Brumfield v. Cain, No. 13-1433, 2015 WL 2473376, at *11 (S. Ct. June 18, 2015) (internal quotation omitted).   The Court previously "explicated" that § 2254(e)(1) applies to "determinations of factual issues, rather than decisions," while § 2254(d)(2) "applies to the granting of habeas relief" itself.  Miller-El v. Cockrell, 537 U.S. 322, 341-42 (2003).  At any rate, like the Brumfield Court, we find that any possible conflict between § 2254(d)(2) and § 2254(e) is not dispositive in this case.

The statute under which Velez was convicted provides that "[a]ny person who does an act which is not justified and which is intended to cause serious injury to another commits . . . [a] class C felony, if the person causes serious injury to another." Iowa Code § 708.4. As relevant, serious injury is defined in Iowa as bodily injury which "[c]reates a substantial risk of death," "[c]auses serious permanent disfigurement," or "[c]auses protracted loss or impairment of the function of any bodily member or organ" and "includes but is not limited to skull fractures [and] rib fractures." Id. § 702.18. Iowa courts have come up with three general tests to determine whether the legislature intended multiple punishments for injuries that arose out of a single transaction–the completed-acts test, the break-in-the-action test, and the separate-acts test. See State v. Ross, 845 N.W.2d 692, 702 (Iowa 2014); Velez, 829 N.W.2d at 581-83. At bottom, regardless of which of the three tests is used, the key inquiry is whether the multiple injuries are caused by separate and distinct acts of assault. Ross, 845 N.W.2d at 703. Factors relevant to the inquiry are: the time interval between the successive actions; the place where the actions occurred; the identity of the victim(s); the existence of an intervening act; the similarity of the defendant's acts; and the defendant's intent at the time of his actions. Id. at 705. Thus our task as a reviewing habeas court is to determine whether the factual determinations made by the Iowa court were reasonable, and if so, whether the Iowa court reasonably applied those facts in light of applicable federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d).

Velez argues that the Iowa Supreme Court unreasonably determined the facts in light of the evidence presented in the state court proceeding by finding there was a factual basis to support his guilty plea to two separate violations of Iowa Code § 708.4. Velez first argues that the facts as evidenced by the plea hearing are insufficient to constitutionally support two separate convictions and punishments. Velez's second factual argument is that the Iowa Supreme Court's use of the minutes of testimony to support its conclusions was an unreasonable determination of the facts. We consider each argument in turn.

Velez first contends that the facts he admitted to at the plea hearing are insufficient to support convictions for two discrete acts of willful injury, and thus the trial court's findings were an unreasonable determination of the facts in light of the evidence in violation of § 2254(d)(2). At the plea hearing, the trial judge asked Velez to:

Tell me in your own words what you did to commit willful injury in Count I–causing injury that you're pleading to. The two counts are identical, so what I need to know is what you did to commit the first one, and I'm going to ask you the same questions on the second one and may be a similar instance, but I need to know in your own words what happened so I can determine whether there's a factual basis for this plea or not. So tell me in your own words what you did to commit the willful injury causing serious injury.

However, before Velez could answer, Velez's attorney interjected with an acknowledgment of the medical testimony that would establish that the victim had suffered multiple serious injuries as a result of the attack. The prosecutor chimed in with additional discussion of the injuries, and then the district court again turned to question Velez. Velez acknowledged that he had "an altercation" with the victim who sustained multiple injuries. The court asked whether Velez had reviewed the minutes of testimony, and he replied affirmatively that he had. Velez further agreed that he believed that a jury could find that Velez had "committed those serious injuries" detailed in the minutes. The trial court thus found a factual basis for the plea to two separate charges.

In adjudicating Velez's habeas claim, the federal district court found that based upon the foregoing trial court colloquy, Velez admitted that (1) he struck the victim at least two times; and (2) the blows resulted in separate, serious injuries to the victim. The district court then determined that the state court's conclusion that Velez committed two discrete acts was a reasonable determination based upon the facts in

light of the evidence at the plea colloquy, without considering the minutes of testimony. This was so because Velez admitted breaking the victim's right arm and left arm, which necessarily stemmed from two distinct blows. The district court thus found that under Iowa law, Velez's conviction and sentences for his July 2010 attack did not violate double jeopardy.

While it is a close call, we cannot agree with the district court on this first factual issue. As we understand Iowa law, Velez did not necessarily commit two distinct assaults simply because Velez inflicted two distinct injuries upon the victim. Iowa case law seems to require some sort of separation, either spatial or temporal or otherwise, between assaults for there to be two convictions, see Ross, 845 N.W.2d at 705, and a finding, for instance, that both the right and left arms were broken, standing alone, does not necessarily satisfy that need for separation between assaults. Nonetheless, the government asserts that the Iowa Supreme Court's finding–informed by the minutes of testimony–that a separation occurred between assaults, was a reasonable determination of the facts in light of the evidence presented. We agree.

The established practice in Iowa is for appellate courts to examine the entire record, including the minutes of testimony, when determining whether a factual basis exists for a guilty plea. See State v. Finney, 834 N.W.2d 46, 62 (Iowa 2013); State v. Schminkey, 597 N.W.2d 785, 788 (Iowa 1999). Velez contends that Finney and Schminkey are inapposite because they involve derivative ineffective assistance of counsel claims, not simply challenges to the factual basis for a guilty plea. In an ineffective assistance claim, the reviewing court necessarily must look at the entire record to determine what the attorney knew in order to analyze the reasonableness of the attorney's representation. Velez's point is well taken. However, Velez's double jeopardy argument to the Iowa Supreme Court included Velez's claim that counsel was ineffective for allowing him to plead guilty due to the lack of a factual basis and

because of the double jeopardy issue.[2]  Thus, the Iowa Supreme Court was looking at more than simply whether there was a factual basis for Velez's guilty plea; instead, like the Finney and Schminkey courts, it was also looking at the evidentiary reasonableness of counsel's conduct.

Further, a factual circumstance making Velez's case somewhat unique is that in his briefing to the Iowa Supreme Court on direct appeal, Velez explicitly cited[3] to the minutes of testimony in making his various arguments.  Velez cannot on the one hand direct the Iowa Supreme Court to use the minutes of testimony, and then on the other hand complain that its use of the minutes is otherwise unreasonable.  Finally, the Iowa Supreme Court's decision to use the minutes of testimony to discern if there was a factual basis[4] for just one continuous or two separate assaults, is distinctly an issue of state law, and we are bound in this regard by the Iowa Supreme Court's interpretation of state law.  Dodge, 625 F.3d at 1019.  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  Id. (alteration in original) (quotation omitted).  Therefore, we defer to what seems to be the usual practice of the Iowa Supreme Court to look at the entire record in determining what occurred factually in this case.

_____

[2]The first headnote in Velez's appellate brief reads: "Did the District Court err in treating single episodic acts of willful injury as multiple separate offenses and was trial counsel ineffective for failing to object as a factual basis does not exist which supports multiple charges, nor does the result comport with double jeopardy/collateral estoppel principles or merger?"  J.A. at 126.

[3]In his state court appellate brief, Velez argues, "[t]he evidence alleged in the minutes of testimony was insufficient as a matter of law to prove multiple crimes of willful injury.  (Minutes of Testimony) (App. p. 15)."  J.A. at 138.

[4]The issue of whether there is a factual basis for a guilty plea is governed by Iowa Court Rule 2.8(2)(b).

Having determined that the Iowa courts did not unreasonably determine the facts in light of the evidence presented at the state court proceeding, we further find that the Iowa Supreme Court did not unreasonably apply federal law as determined by the United States Supreme Court in deciding that, based upon the factual record, there was no double jeopardy violation in this case. The court analyzed the claim using the correct double jeopardy standards and noted that the Iowa legislature intended to punish each separate and discrete act causing willful injury as distinct units of prosecution, even if the injuries arose from the same general incident. Velez, 829 N.W.2d at 579, 583-84. Accordingly, if there were separate and discrete acts causing injury, the Double Jeopardy Clause would not be violated. Id. at 584. The Iowa Supreme Court conducted this inquiry and concluded that since Velez committed separate and discrete assaults on the victim as evidenced by the two breaks in the action during the assault,[5] the Iowa legislature permitted multiple punishments for the acts. Id. It was not an unreasonable application of United States Supreme Court precedent to so find.

## III. CONCLUSION

Accordingly, we affirm the district court's denial of habeas corpus relief.

_____

---

[5]This factual finding, presumed correct under 28 U.S.C. § 2254(e), has not been rebutted by Velez.